**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Refugio Rodriguez; Josephine Rodriguez,<br>Plaintiffs,<br>v.<br>Officer Tedesco; et al.,<br>Defendants. | No. CV11-1992-PHX-JAT<br>**ORDER** |

Currently pending before the Court is Defendant Maricopa County's Motion to Dismiss. (Doc. 14.) The Court now rules on the Motion.

**I.   BACKGROUND**

The following are the facts from the Complaint that the Court presumes true for purposes of resolving the Motion. At approximately 1:00 a.m. on May 27, 2010, Phoenix Police Officers Tedesco, Mills, and Neidenbach came into contact with Plaintiff Refugio Rodriguez in the parking lot of a church located at 51st Avenue and Virginia Avenue in Phoenix, Arizona. The police officers warned Plaintiff not to run. Plaintiff alleges he could not have run from the officers because of the paralysis on the whole left side of his body as a result of polio.

Upon apprehending Plaintiff, the officers slammed Plaintiff onto the concrete driveway and continued to assault him. The officers used their Tasers on Plaintiff several times. At least one officer also hit him on the head with a flashlight.

The officers allegedly only stopped their beating after Plaintiff's wife, Josephine Rodriguez, and his two children arrived on the scene. The officers did not allow

Plaintiff's wife and kids to speak with him. They placed Plaintiff in a patrol car and took him away.

At the precinct, the officers took photographs of Plaintiff's bruises and other injuries. Plaintiffs contend that, other than his handicap, Mr. Rodriguez had no injuries prior to the beating from the police.

Plaintiff arrived at the Maricopa County 4th Avenue Jail intake at approximately 2:00 a.m. Upon his arrival, a Maricopa County Correctional Health Services Intake Nurse told Plaintiff that he needed to go to the nearest hospital emergency room because of his injuries. A few minutes later, the same nurse told Plaintiff that she would lose her job if she sent Plaintiff to the emergency room.

A female staff member at the 4th Avenue Jail told Plaintiff that his release on bail would be expedited so he could go to the emergency room. Plaintiff was released on bail at approximately 6:00 a.m., and his wife immediately took him to the emergency room at St. Joseph's hospital. An emergency room doctor told Plaintiff that he could have died because a blood clot near his brain was beginning to develop.

Plaintiffs filed this suit in Arizona state court on May 26, 2011. The Complaint contains claims for: Assault and Battery (Count One); Negligence Per Se (Count Two); Willful or Wanton Negligence (Count Three); Intentional or Reckless Infliction of Emotional Distress (Count Four); and Civil Rights (Count Five). Defendant City of Phoenix removed to this Court on October 13, 2011.

On October 27, 2011, the County Defendants moved to dismiss Maricopa County Correctional Health Services because it is a non-jural entity and Tom Tegeler for failure to serve. (Doc. 8.) On November 15, 2011, the parties stipulated to dismissal with prejudice of "Defendants Correctional Health Services and Tom Tegeler only." (Doc. 9.)

Pursuant to that Stipulation, the Court dismissed Defendants Tom Tegeler and Maricopa County Correctional Health Services with prejudice. (Doc. 10.) In that same Order, the Court also dismissed the John and Jane Doe Defendants for failure to substitute the real names of the Does or to seek limited discovery to ascertain the names.

- 2 -

The Order did not say that that the dismissal of the Does was with prejudice, and the Court now clarifies that the dismissal of the Does was without prejudice.

Maricopa County filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on December 23, 2011.  (Doc. 14.)  Maricopa County argues that the Court must dismiss all claims against the County.

## II. LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires a "short and plaint statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level.  *Id*.  Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94-95 (3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing

*Twombly*, 550 U.S. at 555).  A complaint that offers nothing more than naked assertions will not suffice.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face."  *Iqbal*, 556 U.S. at 678.  Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully.  *Id*.  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), a court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the court must accept all well-pleaded factual allegations as true.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, courts do not have to accept as true a legal conclusion couched as a factual allegation.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. ANALYSIS AND CONCLUSION

The Complaint contains four state law claims and a §1983 claim for civil rights violations.  The Court will address the state law claims and the §1983 claim separately.

#### A. §1983 Claim

The County argues that the Court must dismiss the civil rights claim against the County because a municipality cannot be held liable for a §1983 claim solely on the basis of *respondeat superior*.  The County correctly asserts that when alleging §1983 claims against local governments, parties cannot rely solely on *respondeat superior* liability.  *Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

To succeed on a §1983 claim against a municipality, a plaintiff must demonstrate that the municipality had a "deliberate policy, custom, or practice that was the moving force behind the constitutional violation . . .."  *Id*. (internal citations omitted).  A plaintiff

also may prove municipal liability by showing that the person who committed the constitutional violation was a policy maker or that a policy maker ratified the decision of a subordinate. *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984-85 (9th Cir. 2002).

In the Complaint, Plaintiffs allege that Correctional Health Services deprived Mr. Rodriguez of his rights by: "Implementing, maintaining and tolerating policies, practices and customs which contributed to the illegal actions of Jane Doe (1), as summarized above . . ., [f]ailing to adequately train or supervise Defendant Jane Doe, [and] [i]nstructing Jane Doe (1) to violate Plaintiff Refugio's constitutional rights by denying him immediate emergency medical care." (Doc. 1-1, Compl., ¶76.) Maricopa County is responsible for providing health care at county jails, A.R.S. §§11-251(8), 11-291(A), and Correctional Health Services is an administrative arm of Maricopa County. *Barrett v. Maricopa County Sheriff's Office*, 2010 WL 46786, *7 (D. Ariz. January 4, 2010)("Health care in the jail is the responsibility of the County, and CHS is an administrative agency of Maricopa County created to carry out that statutory duty."). The Court therefore will treat Plaintiffs' allegations against dismissed Correctional Health Services as allegations against Maricopa County.

The only argument the County makes regarding the §1983 claim is that the County cannot be held liable under a *respondeat superior* theory. The County does not even mention in its Motion the custom, policy, and failure to train allegations that Plaintiffs made against Correctional Health Services. Because the County does not challenge the sufficiency of those allegations, the Court will not undertake a *sua sponte* review of their sufficiency.[1]

Plaintiffs do not rely solely on *respondeat superior* to state a §1983 claim against the County. They make policy, practice, custom, and failure to train allegations, the

---

[1] Post-*Twombly* and *Iqbal*, a plaintiff can no longer simply recite the elements of a §1983 municipal liability claim. *Hernandez v. County of* Tulare, 666 F.3d 631, 637 (9th Cir. 2012). A plaintiff instead must allege underlying facts sufficient to give fair notice and to enable the opposing party to defend.

- 5 -

sufficiency of which the County has not challenged. The Court therefore denies the motion to dismiss the §1983 claim against the County.

### B. State Law Claims

The County makes two arguments regarding its vicarious liability for the state law claims. The County first argues that the only vicarious liability allegations were against Correctional Health Services, which has been dismissed, and that there were no allegations against the County. This argument fails because, as explained above, the Court will treat allegations made against Correctional Health Services, an administrative arm of the County, as allegations against the County.

Second, the County argues that it cannot be vicariously liable for the state law claims because the Court dismissed all of the individual Doe Defendants. The County correctly argues that a judgment on the merits, including a dismissal with prejudice, for an employee prohibits a case for vicarious liability against the employer. *Law v. Verde Valley Med. Ctr.*, 170 P.3d 701, 705 (Ariz. Ct. App. 2007).

But there is no judgment on the merits for the Doe Defendants here. The dismissal of the Does was without prejudice. The County does not argue that a dismissal *without* prejudice of Plaintiffs' claims against the Does constitutes adjudication on the merits and precludes an action against their employer based solely on the doctrine of vicarious liability. Because the County's argument relies on the dismissal of the Does with prejudice, which did not occur, the Court will deny the motion to dismiss the state law claims against the County. The County can make arguments regarding vicarious liability in a motion for summary judgment or at another proper stage in the proceedings if it chooses.

### C. Punitive Damages

The County argues that Plaintiffs' request for punitive damages must be denied because §1983 does not authorize punitive damages against local governments like the County. While that may be true, the Plaintiffs also have state law claims against the County, for which punitive damages may be available. The Court therefore will deny

1 | the County's motion to dismiss Plaintiffs' plea for punitive damages.
2 | Accordingly,
3 | **IT IS ORDERED** Denying Maricopa County's Motion to Dismiss (Doc. 14.)
4 | Dated this 7th day of May, 2012.

James A. Teilborg
United States District Judge